## FAIRCHILD MOTOR CORPORATION v. EBERHARDT.

### No. 17157.

Court of Appeal of Louisiana.   Orleans.

May 22, 1939.

Rehearing Denied June 12, 1939.

Writ of Certiorari Denied July 14, 1939.

A. M. Suthon, of New Orleans, for appellant.

Adam H. Harper, of New Orleans, for appellee.

WESTERFIELD, Judge.

The question presented by this appeal is whether a second-hand automobile which was sold by the plaintiff, Fairchild Motor Company, was bought by the defendant, H. J. Eberhardt, or his brother-in-law, Armand Theard. Eberhardt, who was engaged in the hauling business, sold a number of trucks to Theard and entered into an agreement with him on July 20, 1936, whereby, among other things, he agreed to pay for necessary repairs to the trucks in consideration of the use of the trucks. This agreement was terminated on the 3d day of June, 1937. In the meanwhile, the automobile was purchased on the 22d day of March, 1937.

Mr. Lasker, Vice-President of plaintiff corporation, testified that Eberhardt asked him over the telephone whether he had a good cheap used car for sale as he wished to purchase such a car for Theard. As a result of this telephone conversation Theard was introduced to Lasker, a car was selected and the price of $135 agreed upon and charged to Eberhardt's account. Thereafter, a number of payments, nineteen in all, totalling $129.29 were made, mostly by check. The first payment was made July 31, 1937 and the last July 2, 1938. There was admittedly due the plaintiff, for repairs to the trucks, $126.38. Since $129.29 was paid, the defendant, consistent with his position that he did not owe the $135 for the automobile, reconvened and claimed $2.91, the difference between the repair account and the sum of the partial payments. All of the payments were made by Eberhardt, Theard having no dealings with the plaintiff corporation following his selection of the automobile.

The payments, defendant contends, were all intended to be applied to the repair account. The checks, with which payments were, for the most part, made, were of an unusual character and contained a printed form of what is denominated a "Payment Record" with caption such as "Gasoline", "Oil & Grease", "Truck Repair," "Tires and Tubes", etc. Each check bears a typewritten cross-mark opposite the words "Truck Repair". Defendant points to this fact as indicating that he, at no time, acknowledged his indebtedness for the automobile and was, at all times, under the impression that his brother-in-law had assumed that account.

P. H. Martinez, the collector for the plaintiff corporation, testified that on a number of occasions he pressed the defendant for payment on account of the purchase price of the automobile and that he, at no

time, objected or protested the charge of this item to his account. Martinez' testimony is corroborated by that of Lasker. Moveover, the car was sold on an open account without a cash payment and without a chattel mortgage. It would seem highly improbable that Lasker would sell the car to Theard, whom he did not know, on those terms, whereas Lasker had known Eberhardt for twenty years and would be inclined to deal with him on liberal terms. Theard did not testify, perhaps, for the reason suggested by Eberhardt's counsel, that his relations with the defendant had been strained due to ill-feeling engendered by their business separation.

Our conclusion is that the judgment of the trial court in plaintiff's favor is correct and should be affirmed.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.